# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT
CAPTION:_____

USCA NO.: _____

LOWER COURT or AGENCY and DOCKET NUMBER:
_____

NAME OF
JUDGE:_____

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Identify the issues to be raised on appeal:

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this _____ day of _____ ,20_____ .

_____
Signature of Counsel

Rev. 07/2015

# APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHESTER WATER AUTHORITY** | : | |
| Appellant | : | Case No. 25-cv-1114-MRP |
| | : | |
| v. | : | |
| | : | |
| **CITY OF CHESTER, PENNSYLVANIA** | : | |
| Appellee | : | |
| | : | |
| In re: | : | Case No. 22-13032-AMC |
| | : | |
| **CITY OF CHESTER, PENNSYLVANIA,** | : | |
| Debtor. | : | |

## ORDER

**AND NOW**, this 18th day of September, 2025, upon review of the docket in this matter and in light of this Court's Order granting Appellee's motion to dismiss (ECF No. 48), it is hereby **ORDERED** as follows:

1. Appellant's Motion to Certify (ECF No. 6) is **DENIED AS MOOT.**

2. Appellant's Motion to Stay (ECF No. 23) is **DENIED AS MOOT.**

3. The Clerk of Courts is directed to close this matter.

BY THE COURT:

_/s/_

_____
HON. MIA R. PEREZ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHESTER WATER AUTHORITY** | : | |
| Appellant | : | Case No. 25-cv-1114-MRP |
| v. | : | |
| **CITY OF CHESTER, PENNSYLVANIA** | : | |
| Appellee | : | |
| In re: | : | Case No. 22-13032-AMC |
| **CITY OF CHESTER, PENNSYLVANIA,** | : | |
| Debtor. | : | |

**Perez, J.**                                                                                                           September 4, 2025

# MEMORANDUM

This is an appeal arising from the Chapter 9 bankruptcy proceedings commenced by the City of Chester (the "City") on November 10, 2022 in the Bankruptcy Court for the Eastern District of Pennsylvania presided over by Judge Ashley M. Chan. As part the bankruptcy proceedings, the City filed a plan on August 26, 2024 wherein it proposed dissolving the Chester Water Authority ("CWA") and monetizing its assets through a request for proposals process ("RFP process").

In response to the RFP process, the CWA issued requests to public entities under the Pennsylvania Right to Know Law, 65 P.S. §§ 67.101 *et seq.* ("RTKL").[1] The City thereafter filed a motion ("Stay Violation Motion") seeking enforcement of the automatic stay under Bankruptcy Code § 362(a)(3), on the grounds that the RTKL requests were efforts to undermine the RFP process.[2] The Bankruptcy Court entered an initial order ("Original Order") granting enforcement

---

[1] ECF No. 7 at ¶ 5.
[2] ECF No. 20 at 2.

of the stay on February 13, 2025, and upon the CWA's motion for reconsideration, entered an amended order ("Amended Order") on February 21, 2025.[3] The Amended Order required the CWA to withdraw, within 24 hours of the Order, all RTKL requests it had issued.[4] The Amended Order further stated:

> 4. Until further order of this Court, CWA is enjoined from issuing any RTKL request to any entity that in any way refers to or relates to the RFP Process.
> 5. The City and CWA shall submit a scheduling order that addresses any further briefing and discovery necessary to resolve all remaining issues related to the [Stay Violation] Motion.[5]

The CWA appealed to this Court from the Original Order and Amended Order. On April 17, 2025, the City moved to dismiss the appeal without leave to file a further interlocutory appeal from the Amended Order. The City makes two arguments in support of its motion: that an appeal from the Amended Order does not satisfy the standards for the Court to allow an interlocutory appeal as a matter of discretion under 28 U.S.C. § 158(a)(3); and that the Amended Order is not a preliminary injunction appealable as a matter of right under 28 U.S.C. § 1292(a)(1).

For the reasons that follow, the Court grants the City's motion.

I. **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from both final and interlocutory orders of bankruptcy courts. However, interlocutory appeals are allowed only with leave of the district court. 28 U.S.C. § 158(a)(3). While in ordinary civil litigation, only orders that dispose of all issues as to all parties are considered final, the Third Circuit construes finality in bankruptcy appeals "in a more pragmatic, functional sense." *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 279 (3d Cir. 2002). The rationale for this differentiated approach is that bankruptcy

---

[3] ECF No. 7 at ¶¶ 9-12.
[4] Bk. Dkt. No. 713 at ¶ 2.
[5] Bk. Dkt. No. 713 at ¶¶ 4, 5.

cases often involve protracted proceedings and multiple parties with different claims, which could mean that waiting to resolve discrete claims until the final approval of, for instance, a reorganization plan wastes time and resources. *Id.* Notwithstanding this, the Third Circuit "adheres to the traditional, less flexible standard of finality when no countervailing bankruptcy considerations are present." *Com. Bank v. Mountain View Vill., Inc.*, 5 F.3d 34, 37 (3d Cir. 1993).

In determining whether to grant leave for interlocutory appeal under § 158(a)(3), district courts have applied the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from a district court to a court of appeals. *See, e.g.*, *In re Powell*, No. 06-4085, 2006 WL 3208843 at *2 (E.D. Pa. Nov. 3, 2006); *In re Flintkote Co.*, 471 B.R. 95, 102 (D. Del. 2012). Under § 1292(b), a court may grant leave only if (i) the order involves a controlling question of law (ii) as to where there is substantial ground for difference of opinion, and (iii) immediate appeal from the order may materially advance the ultimate termination of the litigation. Even if these requirements are met, the district court still has discretion to deny the appeal. *Miranda v. C.H. Robinson Co.*, 2020 WL 1643694 at *1 (E.D. Pa. Apr. 2, 2020). An interlocutory appeal is only appropriate in exceptional circumstances. *In re Powell*, 2006 WL 3208843 at *2.

28 U.S.C. § 1292(a)(1) provides that "the court of appeals shall have jurisdiction of appeals" from "interlocutory orders of the district courts of the United States. . . granting, continuing, modifying, refusing or dissolving injunctions." Appeals under § 1292(a)(1) are available as a matter of right. *DeJohn v. Temple Univ.*, 537 F.3d 301, 308 (3d Cir. 2008).

**II.   DISCUSSION**

The City's motion presents two separate statutory provisions on which CWA could base its appeal: 28 U.S.C. § 158(a)(3) and 28 U.S.C. § 1292(a)(1). The Court addresses them in turn.

**A.   Whether the Amended Order merits discretionary appeal under § 158(a)(3)**

The City argues that an interlocutory appeal from the Amended Order does not merit a discretionary grant of leave by the Court.

As a threshold matter, the Court concludes that the Amended Order is interlocutory, not final. The Amended Order enjoins the CWA from issuing further RTKL requests "until further order of this Court." The Order also requires a scheduling order addressing briefing and discovery necessary to resolve "all remaining issues related to the [Stay Violation] Motion." These "remaining issues" refer to whether the Bankruptcy Court should grant the relief sought in the Stay Violation Motion, which asks the Bankruptcy Court to prohibit the CWA from violating the automatic stay and impose sanctions for the violation.[6] Bankruptcy orders that "contemplate[] future action on the part of both parties" would be considered interlocutory in the context of a civil case. *In re Oglesby*, 158 B.R. 602, 605 (E.D. Pa. 1993). Because the Amended Order does not resolve all issues as to the Stay Violation Motion, it would not be considered final if it had been issued in the course of ordinary civil litigation.

While it is true that finality is construed more flexibly in bankruptcy appeals than ordinary civil appeals, the Amended Order does not raise the kind of concern that led the Third Circuit to adopt the differentiated approach. Its context does not involve the kind of circumstances unique to bankruptcy proceedings that would make denial of appeal an inefficient use of judicial resources. *See In re Prof'l Ins. Mgmt.*, 285 F.3d at 279; *Com. Bank v. Mountain View Vill., Inc.*, 5 F.3d at 37. Thus, an appeal from the Amended Order is an interlocutory appeal that must satsify the standards set forth in 28 U.S.C. § 1292(b).

---

[6] Bk. Dkt. No. 679 at 1.

Under § 1292(b), the appeal fails the requirement that it "materially advance the ultimate termination of the litigation." An interlocutory appeal materially advances litigation if it "(1) eliminate[s] the need for trial, (2) eliminate[s] complex issues so as to simplify the trial, or (3) eliminate[s] issues to make discovery easier less costly." *Orson, Inc. v. Miramax Film Corp.*, 867 F.Supp 319, 322 (E.D. Pa. 1994). The Amended Order does none as to the proceeding related to the Stay Violation Motion or the bankruptcy proceeding itself. Furthermore, the Court finds no exceptional circumstance in this case that would overcome the presumption against piecemeal litigation. *See Holber v. Portnoy*, 2018 WL 1508749, at *1.

As such, the Court denies leave for discretionary appeal under § 158(a)(3).

**B.   Whether the Amended Order is a preliminary injunction appealable as a matter of right under § 1292(a)(1)**

The City also argues that if the basis for CWA's appeal is § 1292(a)(1), the appeal should be dismissed because the Amended Order is not a preliminary injunction, and even if it were, § 1292(a)(1) does not apply to bankruptcy court orders.

The Court agrees that the Amended Order is not a preliminary injunction. An order enforcing the automatic stay under the Bankruptcy Code is a mechanism that is distinct from a preliminary injunction. The analysis in *In re THG Holdings LLC*, No. 19-11689 (JTD), 2020 WL 1493622 (D. Del. Mar. 27, 2020) is instructive. There, the debtor simultaneously filed in the bankruptcy court a complaint asserting that the counterparty violated the automatic stay and a motion for preliminary injunction seeking to enforce the automatic stay. *Id.* at *1. Following a hearing on the preliminary injunction motion, the bankruptcy court entered an order enforcing an automatic stay. *Id.* In the order, the bankrupty court stated that it was not necessary for the debtor to establish the requirements for a preliminary injunction "because the Bankruptcy Code itself establishes the basis for enforcement of the automatic stay," and even if it were necessary, the

debtor met those requirements. *Id.* at *3. The district court agreed, stating that "[t]he Order enforces the automatic stay, which is 'self-effectuating, effective upon the filing of the bankruptcy petition.'" *Id.* (quoting *Gruntz v. County of Los Angeles*, 202 F.3d 1074, 1081-82 (9th Cir. 2000)). As the Delaware district court notes, the automatic stay is self-effectuating by statute and is merely enforced by the court, while an injunction is imposed by the court if it determines that the movant has satisfied the necessary elements.

The CWA argues that the Amended Order is a preliminary injunction because it has the same effect as one. This argument is unpersuasive. The CWA cites to *Saudi Basic Indus. Corp. v. Exxon Corp.*, 364 F.3d 106, 110 (3d Cir. 2004), where the Third Circuit stated that "[a]n order need not have the 'literal characterization' of an injunction for § 1292(a)(1) to apply, as long as it has the same practical effect." However, even if the Court were to characterize the Amended Order based on its "practical effect," the Amended Order is still not an injunction. The Third Circuit defines an injunction as "[1] directed to a party, [2] enforceable by contempt, and [3] designed to accord or protect 'some or all of the substantive relief sought by a complaint' *in more than a temporary fashion.*" *Id.* (emphasis added). As the Court concluded earlier, the Amended Order is interlocutory, effective "until further order of [the Bankruptcy Court]." This is especially true where the filing and scheduling for the hearing on the Stay Violation Motion is underway in the Bankruptcy Court. The Amended Order cannot be considered a preliminary injunction, even in the purely practical sense.

Whether § 1292(a)(1) applies to appeals from injunctive orders of bankruptcy courts is an unsettled question within the Third Circuit that this Court declines to address today. The Third Circuit has stated in *dicta* that § 1292(a)(1) also governs appeals from bankruptcy court injunctions. *In re Prof'l Ins. Mgmt.*, 285 F.3d at 282 n.16 ("In addition, we agree that the District Court, sitting

as an appellate court, was authorized to hear the appeal from the Bankruptcy Court as an appealable injunctive order under 28 U.S.C. § 1292(a)…"); *In re World Imports Ltd.*, 820 F.3d 576, 582 n.5 (3d Cir. 2016) ("Pursuant to 28 U.S.C §§ 158(a) and 1292(a), the District Court had jurisdiction over the appeal from the Bankruptcy Court's order granting injunctive relief.") Courts within the Third Circuit have taken the same position, both before and after the *dicta* was first issued. *See, e.g.*, *In re Reliance Acceptance Grp., Inc.*, 235 B.R. 548, 553 (D. Del. 1999); *In re Midstate Mortg. Invs. Grp., LP*, No. CIVA 06-2581 FLW, 2006 WL 3308585 at *4 (D.N.J. Nov. 6, 2006); *In re Byju's Alpha, Inc.,* No. 24-10140 (JTD), 2024 WL 3487793 at *5 (D. Del. July 18, 2024). On the other hand, the Third Circuit's *dicta* is not binding on this Court. *See, e.g.*, *Romero v. Allstate Ins. Co.*, 170 F. Supp. 3d 779, 793 (E.D. Pa. 2016) ("Dicta in a decision of the court of appeals is not binding on lower courts . . . ."). Because the Court need not address the applicability of § 1292(a)(1) to the present appeal to resolve the motion at hand, it will not do so.

In sum, because the Amended Order is not an injunction under § 1292(a)(1), the CWA is not entitled to an appeal as a matter of right. The Court grants the City's motion to dismiss. An appropriate order follows.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, | : | |
| | : | Bankruptcy No. 22-13032-AMC |
| DEBTOR | : | |
| _____ | : | |

### AMENDED ORDER ENFORCING THE AUTOMATIC STAY AGAINST THE CHESTER WATER AUTHORITY[1]

Upon consideration of the *Emergency Motion of Debtor, the City of Chester, for Order Enforcing the Automatic Stay and Imposing Sanctions Against Chester Water Authority* [Docket No. 679] (the "Motion"),[2] the Court having reviewed the Motion, all pleadings filed by Chester Water Authority ("CWA") in opposition thereto, and having heard argument on the Motion at a hearing held on February 12, 2025 (the "Hearing"); the Court having determined that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (c) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein including for the reasons set forth on the record at the Hearing, which are incorporated into this Order for purposes of Rule 52(a)(1) of the Federal Rules of Civil Procedure, made applicable to this matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c);

---

[1] Upon consideration of the *Emergency Motion for Clarification as to Scope of Order Enforcing Automatic Stay and For Limited Stay of Relief from Order Pending Adjudication of This Motion, or Alternatively, for Reconsideration of Order* [Docket No. 695] filed by the Chester Water Authority, the Court amends its order entered on February 13, 2025 [Docket No. 692] to clarify that the Court only intended that CWA withdraw the "Stay Violating Requests" as defined in the *Emergency Motion of Debtor, the City of Chester, for Order Enforcing the Automatic Stay and Imposing Sanctions Against Chester Water Authority* [Docket No. 679] at this juncture, and to clarify that the Court only intended to enjoin the issuance of additional Right to Know Law Requests which relate to or reference the City of Chester's "RFP Process" as defined in the Plan of Adjustment [Docket No. 583].

[2] Capitalized terms not otherwise defined herein, shall have the meaning given to them in the Motion.

1

IT IS HEREBY ORDERED THAT:

1. The Motion is granted, in part, as set forth in this Order.

2. To the extent CWA has not already done so, within 24 hours following entry of this Order, CWA shall send a notice of withdrawal ("Withdrawal") to all parties (the "Parties") to whom CWA or its agents have issued one or more Stay Violating Requests. CWA shall include a copy of this Order with each Withdrawal.

3. To the extent CWA has not already done so, within 48 hours following entry of this Order, counsel for CWA shall (a) file with this Court a certification of counsel confirming that CWA has complied with Paragraph 2 of this Order; and (b) provide to counsel for the City (but not publicly) a list that includes (i) the identity of each of the Parties to whom the Withdrawal and Order were sent, and (ii) the date of the corresponding Stay Violating Requests.

4. Until further order of this Court, CWA is enjoined from issuing any RTKL request to any entity that in any way refers to or relates to the RFP Process.

5. The City and CWA shall submit a scheduling order that addresses any further briefing and discovery necessary to resolve all remaining issues related to the Motion. If the parties cannot agree on a schedule they shall submit competing proposed schedules.

6. This Court shall retain jurisdiction over all matters arising from or related to this Order.

7. This Order shall be immediately effective notwithstanding any provision of the Bankruptcy Code, Bankruptcy Rules or Local Rules that might otherwise apply to stay this Order.

Dated: February 21, 2025

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | Chapter 9 |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| Debtor. | : | Judge Ashely M. Chan |

ORDER ENFORCING THE AUTOMATIC STAY AGAINST
THE CHESTER WATER AUTHORITY

Upon consideration of the *Emergency Motion of Debtor, the City of Chester, for Order Enforcing the Automatic Stay and Imposing Sanctions Against Chester Water Authority* [Docket No. 679] (the "Motion"),[1] the Court having reviewed the Motion, all pleadings filed by Chester Water Authority ("CWA") in opposition thereto, and having heard argument on the Motion at a hearing held on February 12, 2025 (the "Hearing"); the Court having determined that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and, (c) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein including for the reasons set forth on the record at the Hearing, which are incorporated into this Order for purposes of Rule 52(a)(1) of the Federal Rules of Civil Procedure, made applicable to this matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c);

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, in part, as set forth in this Order.

---

[1] Capitalized terms not otherwise defined herein, shall have the meaning given to them in the Motion.

2. Within 24 hours following entry of this Order, CWA shall send a notice of withdrawal ("Withdrawal") to all parties (the "Parties") to whom CWA or its agents have issued one or more RTKL requests referring to, relating to or in any way touching upon the City's RFP Process (collectively, for purposes of this Order, the "RTKL Requests").  CWA shall include a copy of this Order with each Withdrawal.

3. Within 48 hours following entry of this Order, counsel for CWA shall (a) file with this Court a certification of counsel confirming that CWA has complied with Paragraph 2 of this Order; and (b) provide to counsel for the City (but not publicly) a list that includes (i) the identity of each of the Parties to whom the Withdrawal and Order were sent, and (ii) the date of the corresponding RTKL Request(s).

4. Until further order of this Court, CWA is enjoined from issuing any RTKL request to any entity that in any way refers to, relates to or touches upon the RFP Process.

5. By no later than February 19, 2025, the City and CWA shall submit a scheduling order that addresses any further briefing and discovery necessary to resolve all remaining issues related to the Motion.  If the parties cannot agree on a schedule they shall submit competing proposed schedules.

6. This Court shall retain jurisdiction over all matters arising from or related to this Order.

7. This Order shall be immediately effective notwithstanding any provision of the Bankruptcy Code, Bankruptcy Rules or Local Rules that might otherwise apply to stay this Order.

Dated: February 13, 2025

                                             Ashely M. Chan
                                             United States Bankruptcy Judge